**S.E.S., Appellant, (Respondent Below),**

v.

**GRANT COUNTY DEPT. OF WELFARE, Appellee. (Petitioner Below).**

No. 27S05–9206–JV–499.

Supreme Court of Indiana.

June 26, 1992.

Anne C. Selby, Marion, for appellant.

Warren Haas, Marion, for appellee.

## ON PETITION TO TRANSFER

KRAHULIK, Justice.

S.E.S. (Respondent–Appellant below) ("Mother") seeks transfer after the Court of Appeals affirmed the termination of her parental rights. *S.E.S. v. Grant County Dept. of Pub. Welf.* (1991), Ind.App., 582 N.E.2d 886.

Mother argues that before her parental rights may be terminated, *Ind.Code* § 31–6–1–1(5) requires that the agency seeking termination show that the agency provided reasonable services to assist the parent in fulfilling her parental obligations. Mother contends that, because her alcoholism was a cause of her inability to properly parent her children and the welfare department did not provide services aimed at treating her alcoholism, the termination of her parental rights was improper.

The Court of Appeals rejected this argument because *Ind.Code* § 31–6–5–4(c), which sets forth what elements the agency seeking parental termination must prove, no longer requires that the agency provide services to the parent. 582 N.E.2d at 889. Mother claims that, despite the deletion of the requirement by the legislature from *Ind.Code* § 31–6–5–4(c), Indiana appellate courts have continued to read into the statute the requirement of reasonable services, and that the instant decision is in conflict with those cases. Mother cites the following cases: *In the Matter of M.B. and C.B. v. Delaware County Dept. of Pub. Welf.* (1991), Ind.App., 570 N.E.2d 78, 84; *Matter of D.B.* (1990), Ind.App., 561 N.E.2d 844, 848; and *Matter of Campbell* (1989), Ind. App., 534 N.E.2d 273, 276. Although we do not believe that those cases are necessarily in conflict with the opinion of the Court of Appeals here, we hold that to the extent those cases are interpreted as requiring the agency seeking termination of parental rights to plead and prove that

services have been offered to the parent to assist in fulfilling parental obligations, such interpretation would be incorrect. No such requirement remains.

The Court of Appeals' opinion was correctly reasoned. Accordingly, we now grant transfer to resolve any perceived conflict in the opinions of the Court of Appeals as to requirements under *Ind. Code* § 31–6–5–4. We hereby adopt and incorporate by reference the opinion of the Court of Appeals pursuant to Indiana Appellate Rule 11.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.