**In the Matter of Termination Parental Rights Sophia Tyler JACKSON, Appellant–Respondent,**

v.

**MADISON COUNTY DEPARTMENT OF FAMILY AND CHILDREN, Appellee–Petitioner.**

No. 48A02–9709–JV–594.

Court of Appeals of Indiana.

Feb. 11, 1998.

Transfer Denied June 3, 1998.

Patrick R. Ragains, Smith, Ragains & Cotton, Anderson, for Appellant–Respondent.

Thomas L. Hulse, Anderson, for Appellee–Petitioner.

## OPINION

SULLIVAN, Judge.

Appellant, Sophia Tyler Jackson (Jackson), appeals the trial court's order terminating her parental rights as to her minor children, K.T., a daughter born in 1985, and J.T., a son born in 1987.

We affirm.

Jackson essentially presents three issues for review,[1] which we restate as follows:

1) Whether the trial court erred in terminating her parental rights when the Department of Family and Children (the Department) failed to demonstrate that Jackson had been offered services to assist her in becoming a fit parent.

2) Whether the trial court erred in determining that the continuation of the parent-child relationship posed a threat to the well-being of Jackson's children.

3) Whether the trial court erred in determining that the condition which resulted in the children's removal could not be remedied.

---

1. Jackson's brief is less than a model of clarity and organization. It contains one listed "issue" and one, undivided, argument section. She, in passing, refers to other parts of the parental rights termination statute; however, her statement of the issue contains three areas where, she asserts, the trial court erred because of the absence of clear and convincing evidence. We shall, then, take these to be her issues upon review.

Because we determine that the trial court did not err with respect to the first two issues, we need not address whether the evidence supported a determination that the conditions which resulted in the children's removal could not be remedied.

When K.T. was less than one year old, she was placed in the care of her grandmother. A CHINS petition was filed on her behalf on November 12, 1986. J.T. also lived with grandmother and a CHINS petition was filed on his behalf on April 15, 1993. Both children were removed from grandmother's care in April 1993 and have since lived in foster homes. K.T. has not lived with her mother since 1986, and J.T. had not been in his mother's care for almost four years prior to the trial court's order. The Department filed the instant petition to terminate Jackson's rights in May of 1996.

In order for Jackson's parental rights to be terminated, Jackson agrees that the Department must demonstrate that:

"(1) The child has been removed from the parent for at least six (6) months under a dispositional decree;

(2) There is a reasonable probability that:

(A) The conditions that resulted in the child's removal or the reasons for placement outside the parent's home will not be remedied; or

(B) The continuation of the parent-child relationship poses a threat to the well-being of the child;

(3) Termination is in the best interests of the child; and

(4) There is a satisfactory plan for the care and treatment of the child."

I.C. 31–6–5–4(c). For present provision, *see* I.C. 31–35–2–4 (Burns Code Ed. Repl.1997).

■ Jackson seems to assert that the Department must, along with the above requirements enunciated in the statute, demonstrate that it put in place a "parental participation plan" in order to assist her "deficiency."[2] The law concerning termination of parental rights does not contain such requirement, and the Department is not required to plead and prove that it offered services. *S.E.S. v.*

*Grant County Dep't of Welfare* (1991) Ind. App., 582 N.E.2d 886, 890, *adopted* (1992) Ind., 594 N.E.2d 447.

It is certainly true that under the policy pronouncements inherent in the entire scheme of CHINS procedures, a primary purpose and function of the Department is to encourage and support the integrity and stability of an existing family environment and relationship. *See* I.C. 31–34–15–4, 31–34–18–4, 31–34–19–6, 31–34–20–1 and 31–34–20–3. However, the provision of services and counseling designed to further that purpose is no longer an absolute requirement to a termination of parental rights.

Here, Jackson has not directed our attention to any particular services needed, that those services would have helped her or even that she has been denied such services. Further, the CHINS petition for K.T. was filed in 1986, over ten years ago. A parent may not sit idly by for such an extended period without asserting a need and desire for services and then successfully argue that she was denied services to assist her with her parenting. To the extent that Jackson is claiming that the Department failed to establish that the conditions which resulted in the CHINS removal would not be remedied, the burden was upon her to show that, prior to the filing of a termination petition, she sought services from the Department and was denied.

■ Jackson next contends that the trial court did not have enough evidence before it to conclude that continuation of the parent-child relationship posed a threat to the well-being of the children. This is not so. Jackson is disabled because she suffers from a manic-depressive disorder and has not held significant employment in the last ten years. She has never demonstrated any ability to care for the children, nor any interest in doing so. She was uncooperative during her psychological examination and unrealistically portrayed her herself as extremely virtuous. She was less than truthful and candid with regard to the quality of her marriage. Her house, due to its size and safety hazards, was

---

**2.** It is unclear of what "deficiency" Jackson is complaining. Appellant's Brief at 11.

unfit in which to care properly for the children.

Further, during the proceedings before the trial court, Greg Adams, a Child Protective Services Caseworker, testified that he felt the continuation of the parent-child relationship poses a threat to the children. He testified that Jackson makes unfulfilled promises to J.T.; J.T. becomes confused when he sees her; and he wants to kill his mother. As for K.T., Adams testified that Jackson's influence is detrimental—as is the influence of the people with whom she associates. The trial court was within its discretionary prerogative in determining that continuation of the relationships posed a threat to the children.

The judgment is affirmed.

FRIEDLANDER and KIRSCH, JJ., concur.