## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 31 2020, 10:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT J.S.

Steven J. Halbert
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Termination of the Parent–Child Relationship of K.C. (Minor Child)

and

J.S. (Father),

*Appellant-Respondent,*

      v.

The Indiana Department of Child Services,

*Appellee-Petitioner.*

July 31, 2020

Court of Appeals Case No. 20A-JT-433

Appeal from the Marion Superior Court

The Honorable Mark A. Jones, Judge

The Honorable Peter Haughan, Magistrate

Trial Court Cause No. 49D15-1901-JT-111

**Bradford, Chief Judge.**

# Case Summary

[1] J.S. ("Father") and M.C. ("Mother") are the parents of K.C. ("Child"). In January of 2020, the juvenile court terminated Father's parental rights to Child. On appeal, Father contends that his due process rights were violated by the Department of Child Services's ("DCS") failure to make reasonable efforts to reunify him and Child by failing to provide him with services, case plans, and other documents. We affirm.[1]

# Facts and Procedural History

[2] On December 6, 2016, Child was born and tested positive for opiates. Child was removed from Mother's care, and DCS petitioned for Child to be adjudicated a child in need of services ("CHINS") on December 12, 2016. At the time of Child's birth, Father was incarcerated after having been convicted of check fraud, identity deception, and methamphetamine possession. On April 6, 2017, the juvenile court adjudicated Child to be a CHINS and entered a dispositional decree. In November of 2018, Father was released from incarceration, and the juvenile court modified its dispositional decree, ordering Father to participate in the parental participation order. On January 17, 2019,

---

[1] Mother does not participate in this appeal.

the juvenile court changed the permanency plan to adoption. On February 7, 2019, DCS petitioned for the termination of Mother and Father's parental rights. On February 28, 2019, the juvenile court ordered Father to complete a parenting assessment, comply with all recommendations, and complete a father-engagement program.

[3] The juvenile court held a factfinding hearing regarding DCS's termination petition on August 19, September 5, October 24, and November 21, 2019. On October 24, 2019, Father was scheduled to present evidence at the factfinding hearing but failed to appear, and his attorney was unable to contact him, leading the juvenile court to continue the hearing. On November 21, 2019, Father again failed to appear at the factfinding hearing, and the juvenile court noted that there remained an active warrant for his arrest in another case. On January 24, 2020, the juvenile court terminated Father's parental rights to Child, in doing so, the court concluded, *inter alia*, that

> f. The conditions that led to the Child's removal or placement and retention outside the home of Father are: Father's issues with substance abuse; his lack of safe and stable housing; his lack of stable employment; and his criminal behavior and involvement with the criminal justice system.
>
> g. These conditions have not been remedied.
>
> h. It is highly probable that these conditions will not be remedied, even if Father was given additional time to remedy the conditions. The Child's CHINS case has been open for over three (3) years. Throughout this time, Father has continued to engage in ongoing substance abuse by using heroin, methamphetamine, and alcohol. He has consistently failed to provide safe and stable

housing for the Child and maintain stable employment. Although Father completed a parenting assessment and a substance abuse assessment, he did not consistently engage in or successfully complete the services recommended by those assessments: home-based therapy, home-based case management, and the recommended substance abuse treatment. Father currently has a pending criminal case and the criminal court issued a warrant for his arrest. Father subsequently failed to appear for trial in this matter. Father failed to consistently visit with the Child.

i. Father has demonstrated a lack of commitment to preserve the parent-child relationship.

j. There is a substantial probability that future neglect or deprivation will occur because of Father's failure to remedy the conditions.

Appellant's App. Vol. II p. 25.

# Discussion and Decision

At the outset, we note that Father does not directly challenge the juvenile court's termination of his parental rights to Child, but, rather, only contends that his due process rights were violated by DCS's failure to make reasonable efforts to reunify him and Child by failing to provide him services, case plans, and other documents.

We conclude that Father's contention fails for multiple reasons. First, because Father failed to raise his contention in the juvenile court, it is waived for appellate review. *See Hite v. Vanderburgh Cty. Office of Family and Children*, 845 N.E.2d 175, 180 (Ind. Ct. App. 2006) ("It is well established that we may

consider a party's constitutional claim waived when it is raised for the first time on appeal."). Moreover, Father's claim is based on DCS's alleged failure to provide him with additional services, which he seems to believe were needed; however, Father failed to request these additional services and cannot use DCS's alleged failure on appeal to challenge the termination of his parental rights. *See In re B.D.J.*, 728 N.E.2d 195, 201 (Ind. Ct. App. 2000) ("[A] parent may not sit idly by without asserting a need or desire for services and then successfully argue that he was denied services to assist him with his parenting.").

[6]     Finally, in *In re J.W., Jr.*, we noted that

> The Indiana Supreme Court has long recognized that, in "seeking termination of parental rights," the DCS has no obligation "to plead and prove that services have been offered to the parent to assist in fulfilling parental obligations." *S.E.S. v. Grant Cnty. Dep't of Welfare*, 594 N.E.2d 447, 448 (Ind. 1992). Likewise, we have stated on several occasions that, although "[t]he DCS is generally required to make reasonable efforts to preserve and reunify families *during the CHINS proceedings,*" that requirement under our CHINS statutes "is not a requisite element of our parental rights termination statute, and a failure to provide services does not serve as a basis on which to directly attack a termination order as contrary to law." *A.Z. v. Ind. Dep't of Child Servs. (In re H.L.)*, 915 N.E.2d 145, 148 & n. 3 (Ind. Ct. App. 2009) (emphasis added) (citing I.C. § 31-34-21-5.5); *see also Elkins v. Marion Cnty. Office of Family & Children (In re E.E.)*, 736 N.E.2d 791, 796 (Ind. Ct. App. 2000) ("even a complete failure to provide services would not serve to negate a necessary element of the termination statute and require reversal."); *Stone v. Daviess Cnty. Div. of Children & Family Servs.*, 656 N.E.2d 824, 830 (Ind. Ct. App. 1995) ("under Indiana law, even a complete failure to

provide services cannot serve as a basis to attack the termination of parental rights."), *trans. denied.*

27 N.E.3d 1185, 1190 (Ind. Ct. App. 2015) (emphasis in original), *trans. denied*. Based on our caselaw, Father's contention cannot serve as a basis to attack the juvenile court's termination of his parental rights.

[7] The judgment of the juvenile court is affirmed.

Najam, J., and Mathias, J., concur.